# CASE NO. 11- 3802

In The

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

## UNITED STATES OF AMERICA
### *Plaintiff-Appellee*

### v.

## EDMUNDO RUIZ, JR.
### *Defendant-Appellant*

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

## APPELLANT'S REDACTED BRIEF

Michael M. Losavio
1520 Castlewood Avenue
Louisville, Kentucky 40204
(502) 417-4970

Counsel for Appellant
    Edmundo Ruiz

Ms. Ava Rotell Dustin
Mr. Guillermo J. Rojas
Mr. Thomas P. Weldon
U.S. Attorney's Office
Four Seagate
Third Floor
Toledo, OH 43604
Counsel for Appellee, the
United States of America

TABLE OF CONTENTS

Table of Contents                                                                 i

Table of Cases, Statutes and Other Authorities                                    ii

Statement in Support of Oral Argument                                             iii

Statement of Subject Matter and Appellate Jurisdiction                            1

Statement of the Issues                                                           3

Statement of the Case                                                             4

Statement of the Facts                                                            5

Summary of Argument                                                              11

Argument                                                                         15

Conclusion                                                                       35

Designation of Relevant District Court Documents                                 36

Certificate of Service                                                           38

Certificate of Compliance FRAP 32                                                39

# TABLE OF CASES, STATUTES, AND OTHER AUTHORITIES

## Cases

*Bailey v. United States*, S. Ct. 501 (1995), ................................................................. 21

*Gall v. United States*, 128 S. Ct. 558 (2007)................................................................ 34

*Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976),............................................... 22

*In re Acosta*, 480 F.3d 421, 422 n.2 (6th Cir. 2007);.................................................. 16

*McCarthy v. United States*, 394 U.S. 459, 466 (1969) ................................................ 22

*United States v. Anderson*, 89 F.3d 1306, 1310 (6th Cir. 1996)................................. 21

*United States v. Barrett,* 933 F.2d 598 (6th Cir.1991);............................................... 19

*United States v. Benitez*, 542 U.S.74 (2004).......................................................... 11, 18

*United States v. Buchanan*, 449 F.3d 731, 738-39 (6th Cir 2006);............................. 32

*United States v. Cases-lorente*, 220 F.3d 727, 734 (6th Cir. 2000). ........................... 27

United States v. Childers , 86 F.3d 562, 563 (6th Cir. 1996) ....................................... 32

*United States v. Davidson,* 409 F.3d 304, 310 (6th Cir. 2005).............................. 32, 34

*United States v. Duckro*, 466 F.3d 438, 446 (6th Cir. 2006) ...................................... 32

*United States v. Elder*, 90 F.3d 1110, 1120 (6th Cir. 1996). ...................................... 21

*United States v. Freeman*, 640 F.3d 180 (6th Cir. 2011)............................................. 16

*United States v. Gibson*, 409 F.3d 325, 31 (6th Cir. 2005)......................................... 34

*United States v. Gordon,* 480 F.3d 1205 (10th Cir.2007)............................................ 16

*United States v. Lalonde*, 509 F.3d 750 (6th Cir. 2007)........................................ 11, 18

United States v. Mahaffey , 53 F.3d 128, 134 (6th Cir. 1995) ..................................... 32

*United States v. Martinez*, 181 F.3d 794 (6th Cir. 1999)....................................... 12, 27

*United States v. McCreary-Redd*, 475  F.3d 718 (6th Cir 2007) ................. 11, 18, 21, 22

*United States v. McDaniel*, 398 F.3d 540, 551 & n.10 (6th Cir. 2005) ...................... 27

*United States v. Meyers,* 646 F.2d 1141 (6th Cir. 1981) ............................................ 19

*United States v. Moon*, 513 F.3d 527 , (6th Cir. 2008) ............................................... 34

*United States v. Murdoch*, 398 F.3d 491, 496-97 (6th Cir. 2005) ............................. 22

*United States v. Pearce,* 912 F.2d 159, 162 (6th Cir. 1990) ....................................... 21

*United States v. Roberts*, 233 F.3d 426 (6th Cir. 2000)............................................... 32

*United States v. Robison*, 924 F.2d 612, 613 (6th Cir.1991). ..................................... 25

*United States v. Steward*, 306 F.3d 295 (6th Cir. 2002) ............................................. 27

*United States v. Story*, 503 F.3d 436 (6th Cir. 2007)................................................... 36

*United States v. Story*, 503 F.3d 436 (6th Cir. 2007)................................................... 32

*United States v. Tunning*, 69 F.3d 107, 111 (6th Cir. 1995)....................................... 22

*United States v. Van Buren*, 804 F.2d 888 (6th Cir.1986).......................................... 24

*United States v. Vandeberg*, 201 F.3d 805 (6th Cir. 2000);........................................ 27

*United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005) ......................................... 32

*United States v. White*, 569 F.2d 263 (5th Cir. 1978)................................................. 21

United States v. Wolfe , 71 F.3d 611, 616 (6th Cir. 1995);........................................... 32

*United States v. Xiong*, 173 F.3d 857 (6th Cir. 1999):................................................ 23

*United States vs. Jeter*, 191 F.3d 637  (6th Cir. 1999)................................................ 35

## Statutes

18 U.S.C. §3231............................................................................................................ 1, 4

18 U.S.C. §3742............................................................................................................ 1, 4

28 U.S.C. §1291 ................................................................................................ 1, 4
28 U.S.C. §1294 ................................................................................................ 1, 4

**Other Authorities**

*Application Note 3* to U.S.S. G. § 3 E 1.1 .................................................... 34, 35
*Application Note 4* to U.S.S.G. 3B1.1 (Nov. 2010).......................................... 28
U.S.S.G. §3B1.1.................................................................................... 3, 12, 27, 30
United States Sentencing Commission, Guidelines Manual, §3E1.1 (Nov. 2010)................ 34, 35

**Rules**

Fed. R. App. Proc. 28(A)(2) ........................................................................... 1
Fed. R. Crim. Proc. 11 (b) (1)(G); .................................................................. 22
Fed. R. Crim. Proc. 11 (b) (3). ........................................................................ 22
Federal Rule of Criminal Procedure 11 ...................................................... 11, 18

**Constitutional Provisions**

Fifth Amendment ............................................................................................ 22
Sixth Amendment ........................................................................................... 22

## Statement In Support of Oral Argument

Appellant's Brief adequately sets out the issues in this appeal and Appellant, therefore, does not request oral argument unless this Court determines it would be beneficial to the resolution of the issues set out herein.

## Statement of Subject Matter And Appellate Jurisdiction

## Fed. R. App. Proc. 28(A)(2)

A. Subject matter jurisdiction vested in the U.S. District Court for the Northern District of Ohio pursuant to 18 U.S.C. §3231;  Ruiz was indicted for offenses against the laws of the United States and was convicted upon a plea of guilty to violations of 21 USC 841 and 846, Conspiracy to Possess w/Intent to Distribute Cocaine, Heroin and Marijuana, Count 1 and 21 U.S.C. 843(b) Unlawful Use of Communications Facility, Count 13, within that district. (R 60, Superseding Indictment; R 487 Judgment)

B. Appellate jurisdiction is vested in the United States Court of Appeals for the Sixth Circuit pursuant to 18 U.S.C. §3742  28 U.S.C. §1291;  28 U.S.C. §1294 and Federal Rules of Appellate Procedure 3 and 4(b) as to the appeal by Mr. Ruiz.

C. Final Judgment was entered on July 14, 2011 adjudging Edmundo Ruiz guilty of Counts One and Thirteen of the  Indictment and sentencing him to 240 months on count one and 48 months imprisonment on count thirteen to run concurrently for a sentence of 240 months total imprisonment, followed by 10 years supervised release and payment of $200.00 special assessment. (R 487, Judgment). Notice of Appeal was timely filed on July 19, 2011  (R 488, Notice of Appeal)

1

D. This appeal is from a final order or judgment that disposes of all parties'

claims.(R 487 Judgment).

**Statement of the Issues for Review**

**Issue I. The District Court  erred by not establishing a factual basis for the charge to which Edmundo Ruiz pled . Fed. R. Crim. Proc. 11(b)(1) (G).The District Court did not sufficiently examine Mr. Ruiz  to see that as to Count One his conduct violated the elements of conspiracy in trafficking controlled substances. There were insufficient facts admitted and proffered that sufficiently established this during his plea colloquy.**

**Issue II. The District Court should have granted Ruiz a downward departure on his sentence.**

**Issue III Ruiz was erroneously given an increase in his base offense level four points for being an organizer or leader per U.S.S.G. §3B1.1 where he did not have a such a major role in this drug trafficking. The district court should have exercised discretion in giving an individualize sentence reflecting the nature and circumstances of Ruiz's conduct, making this sentence both procedurally and substantively unreasonable.**

**IV. Ruiz was erroneously denied a three point reduction in sentencing level for acceptance of responsibility after entering a plea of guilty.**

## Statement of the Case

A. Subject matter jurisdiction vested in the U.S. District Court for the Northern District of Ohio pursuant to 18 U.S.C. §3231;  Ruiz was indicted for offenses against the laws of the United States and was convicted upon a plea of guilty to violations of 21 USC 841 and 846, Conspiracy to Possess w/Intent to Distribute Cocaine, Heroin and Marijuana, Count 1 and 21 U.S.C. 843(b) Unlawful Use of Communications Facility, Count 13, within that district. (R 60, Superseding Indictment; R 487 Judgment)

B. Appellate jurisdiction is vested in the United States Court of Appeals for the Sixth Circuit pursuant to 18 U.S.C. §3742  28 U.S.C. §1291;  28 U.S.C. §1294 and Federal Rules of Appellate Procedure 3 and 4(b) as to the appeal by Mr. Ruiz.

C. Final Judgment was entered on July 14, 2011 adjudging Edmundo Ruiz guilty of Counts One and Thirteen of the  Indictment and sentencing him to 240 months on count one and 48 months imprisonment on count thirteen to run concurrently for a sentence of 240 monts total imprisonment, followed by 10 years supervised release and payment of $200.00 special assessment. (R 487, Judgment). Notice of Appeal was timely filed on July 19, 2011  (R 488, Notice of Appeal)

4

## Statement of the Facts

Edmundo Ruiz was indicted along with several others including Rudy Franco, Jr.., Raudell Rodriguez-Gonzales, Adalberto Labadore−Gonzales, Juan Mondragon−Machado, Jr, Michael Dickerson, Gerald Pfaff, Norman Wise, Phillip Martinez, Darrell Millhoan, Louie Perry, William Morrow, William Tubbs and Richard Monroe . (R. 60, Superseding Indictment)

Ruiz aggressively defended himself, moving for disclosure of confidential informants, disclosure of government witnesses, the preservation of investigative and interview notes, disclosure of government FRE 404(b) material and for a Bill of Particulars as to the alleged offenses[1]. (R. 120, Motion; R. 121, Motion; R. 122, Motion; R123, Motion; R. 126, Motion for Bill of Particulars).

On April 9, 2009 Ruiz entered a plea of guilty before Magistrate Judge Vernelis Armstrong; the Report and Recommendation of the Magistrate Judge were filed thereafter and adopted by the District Court. (Minutes of April 9, 2009 before Magistrate Judge Armstrong; R. 206, Plea Agreement; R. 207, Report and Recommendation; R. 269, Order Adopting Report) (R. 228; Transcript of Guilty Plea Hearing of April 9, 2009, hereinafter "TR Plea")

The magistrate judge reviewed the possible penalties with Mr. Ruiz,

---

1 These were generally overruled without prejudice. (R. 166, Order)

including a preliminary government sentencing calculation of 292 to 365 months

imprisonment, and a minimum supervised release term of ten years (The Court, TR

Plea pp 3-4) Mr. Ruiz wished to proceed with his change of plea and voluntarily

agreed to and signed his consent to the magistrate conducting the plea hearing. (TR

Plea, pp 3-7; R. 205, Consent)

The magistrate judge reviewed the circumstances of the case, the charges,

his condition and the plea agreement with Mr. Ruiz, who was satisfied with his

counsel's advice. (TR Plea, pp 4 – 18)

The plea agreement noted that the government would not oppose a three

level reduction for acceptance of responsibility and Mr. Ruiz concurred on a total

base offense marijuana equivalency level of 36.( The Court, Hart, TR Plea, pp 21-

23) The right to appeal the judgment by Mr. Ruiz was limited to a sentence in

excess of the guidelines and otherwise waived. (AUSA Wilson, TR Plea, p 28-29)

The magistrate judge reviewed this with Mr. Ruiz and he agreed to the

conditions set out. (The Court, Ruiz, TR Plea, pp 30-33)

The government reviewed the purported elements of the offenses relating to

the alleged conspiracy set out in Count One.  (Wilson, Ruiz, TR Plea pp 35 – 40)

The government then reviewed elements supposedly relating to use of  a

telecommunications facility set out in Count Thirteen wherein Ruiz was said to

have asked "a person known to the Grand Jury" if "Did you get them that plate of food?"…" Okay. He—whatchamacallit, we're ready, we're ready." Which the government would have proven was a conversation relating to the distribution of drugs . (Wilson, TR Plea, pp 40 – 41)

In sum, the government said that

In all, Your Honor, as I mentioned, the evidence has shown regular and repeated distribution of these various controlled substances. If you accumulate all the controlled substances that were referenced in this indictment as we've already discussed, and as the defendant has already agreed, the amounts would have clearly shown to be cocaine in excess of 50 kilograms but not more than 150 kilograms, and other combinations of heroin and marijuana which would, of course, add to that guideline range but not exceed the 150 kilogram range, based upon all of the evidence that the government would have presented in this case.

The defendant -- the government would have proven both that the defendant knew of the conspiracy, that he was a direct manager of the conspiracy here in the city of Toledo, and traveled to Arizona to establish drug connections there, also traveled to other areas; that the defendant certainly voluntarily and knowingly joined the conspiracy and took direct part in its distribution activities, and was a manager as set forth in the plea agreement over a number of other persons here in the city of Toledo area.

(Wilson, TR Plea, pp 41-42)

Mr. Ruiz did not disagree with this assessment and adopted it as his own statement, agreeing that a conspiracy existed to distribute controlled substances and that he knowingly joined that conspiracy as a direct manager of drug distribution in Toledo, Ohio and had a conversation alleged in Count 13 which

related to the direct distribution of controlled substances within the conspiracy. (The Court, Ruiz, TR Plea, pp 42-46)

The magistrate judge then verified the knowing and voluntary nature of Ruiz's plea of guilty and accepted that plea of guilty. (The Court, Ruiz, TR Plea pp 46 – 49)

The next day, Friday the 13th, 2011, during a hearing in chambers before the District Court, Ruiz agreed to a new superseding plea agreement with no cooperation and recommendation of 240 months, the mandatory minimum, and a withdrawal of the motion for an evidentiary hearing. (R. 484, Minutes; R. 485, (Superseding) Plea Agreement; TR 7/13/2011, pp 1-33) Ruiz waived his right to appeal except for a sentence in excess of the maximum and to make a collateral challenge except for ineffective assistance of counsel and accepted the four level enhancement as a leader/organizer and denial of credit for acceptance of responsibility . (The Court, Ruiz, TR 7/13/2011 pp 6-10)

The District Court reviewed the prior plea proffer and the nature of the supplemental plea agreement with Ruiz to assure he understood the issues and was agreeing voluntarily to end his challenges and accept the conviction and sentence per the new agreement. (The Court, Ruiz, TR 7/13/2011, pp 10- 16)

Ruiz understood the conditions but still objected to the Presentence Report

8

penalizing him with the leadership role and no points for acceptance of responsibility despite his plea of guilty. (Ruiz, TR 7/13/2011, pp 16-17)

The District Court notes that these determinations are per the guidelines, even though he may have been a lower level figure. Further, even if these matters were resolved in his favor the recommended sentence was still less than the calculation with those points taken off and thus the calculation makes no difference. (The Court, TR 7/13/2011, pp 17-20)

All parties then signed the superseding plea agreement and the District Court found it knowing and voluntarily made and that Ruiz wished to continue with the proceeding through to judgment of guilt and sentencing. (The Court, TR 7/13/201, pp 19-241; R. 485, (Superseding) Plea Agreement)

The presentence was modified with the new changes to the plea agreement and the court was asked by Hart, Ruiz's attorney to sentence Ruiz immediately; there was no objection and Ruiz offered nothing to say at allocution as asked by the Court. (TR 7/13/2011)

The Court then sentenced Ruiz to the 240 months on count I and 48 months on count 13 to run concurrently for a total of 240 months imprisonment. (R. 487, Judgment; TR 7/13/2011)

Ruiz was advised of his right to appeal and the Court recommended

9

placement at the Elkton facility, near his family, and a residential drug treatment facility. Thereafter the Court reviewed the 3553 sentencing factors. (The Court, TR 7/13/2011, p 32)

Judgment was entered finding Mr. Ruiz guilty of counts one and three of the indictment and sentencing him to 240 months imprisonment. (R. 487, Judgment)

This appeal follows.

## Summary of Argument

**I.The District Court  erred by not establishing a factual basis for the charge to which Edmundo Ruiz pled . Fed. R. Crim. Proc. 11(b)(1) (G).The District Court did not sufficiently examine Mr. Ruiz  to see that as to Count One his conduct violated the elements of conspiracy in trafficking controlled substances. There were insufficient facts admitted and proffered that sufficiently established this during his plea colloquy.**

A guilty plea where the factual basis for the crime was not established is plain error affecting substantial rights such that relief should be granted. See. *United States v. McCreary-Redd*, 475  F.3d 718 (6th Cir 2007) To obtain relief for an unpreserved Federal Rule of Criminal Procedure 11 failing, " a defendant is obliged to show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Benitez*, 542 U.S.74 (2004) See also *United States v. Lalonde*, 509 F.3d 750 (6th Cir. 2007)

The District Court erred by not establishing a factual basis for Count One , 21 USC 841 and 846, Conspiracy to Possess w/Intent to Distribute Cocaine, Heroin and Marijuana,  where there were insufficient facts admitted or proffered that established the conspiracy instead of a mere buy-sell relationship.

11

**Issue II. The District Court should have granted Ruiz a downward departure on his sentence.**

Ruiz pled pursuant to a Rule 11 Plea Agreement. The district court should have entertained a downward departure in sentencing under the plea agreement.

**Issue III An erroneous guidelines calculus increased Ruiz's base offense level four points for being an organizer or leader per U.S.S.G. §3B1.1 where he did not have a such a major role in this drug trafficking. The district court should have exercised discretion in giving an individualize sentence reflecting the nature and circumstances of Ruiz's conduct, making this sentence both procedurally and substantively unreasonable.**

Ruiz agreed to a supplemental plea agreement that gave him four points on his offense level as a leader or organizer, but complained to the District Court about that. Findings that a defendant was an organizer, leader, manager or supervisor sufficient to justify a sentencing enhancement must be supported by a preponderance of the evidence.   Here the findings were not so supported.

In Paragraph 55 of the Presentence Report Ruiz's offense level was enhanced by four points under the assertion he led or organized five or more

12

people.

The overall criminal activity was set in the Presentence Report that detailed a number of different people doing a number of different things, from possessing small amounts of marijuana to moving tons of it.

The specific offense conduct relating to Ruiz set out that Ruiz would buy from Raudell in Arizona and asserted he used three "trusted couriers," would off-load trucks with the help of Franco and McKerchie (a "long-time associate," and "directed" Franco, Camargo and another to retrieve some cocaine for him   These simply did not suffice to make Ruiz a leader or organizer of this conspiracy.

I**V. Ruiz was erroneously denied a three point reduction in sentencing level for acceptance of responsibility after entering his guilty plea.**

An appellate court renders *de novo* review of an acceptance of responsibility determination where the only issue presented is the propriety of the application of the adjustment to uncontested facts. It is plain error for the sentencing court to consider an erroneous sentencing guideline range in setting a sentence.

Ruiz agreed to a superseding plea agreement with no cooperation and recommendation of 240 months, the mandatory minimum and  agreed that the three points credit for acceptance for responsibility was not appropriate for him.

Ruiz agreed to and understood the conditions but still objected to the

Presentence Report penalizing him with the leadership role and no points for acceptance of responsibility despite his cooperation and plea of guilty. Nonetheless Ruiz argues it was error for the Presentence Report and guidelines calculation to deny him credit for acceptance of responsibility through his guilty plea.

## ARGUMENT

## Ruiz's Appeal Waiver And Entry of a Guilty Plea Without Reservation of Issues for Appeal Does Not Bar Some or All of His Issues

Some or all of Ruiz's arguments are not waived by the provision of the Plea Agreement waiving Ruiz's direct appeal[2] nor by his entry of a guilty plea without reserving those issues for appeal. Plea waivers are not absolute nor are they absolutely immune to challenge.

The procedural course of this case is somewhat unique. Ruiz entered a plea of guilty under a plea agreement that waive his appeal. Ruiz entered into a new plea agreement that also waived his appeal, consented to a leader's role and no credit for acceptance of responsibility; his plea of guilty did not reserve any issues for appeal, although he verbally objected to these issues. He was sentenced to the

_____

2 A waiver of appeal rights may be enforceable. See *United States v. Bazzi*, 94 F.3d 1025, 1028 (6th Cir. 1996). Whether or not a waiver of appeal rights is valid is a legal question reviewed on appeal *de novo*. *United States v. McGilvery,* 403 F.3d 361, 362 (6th Cir. 2005); *United States v. Smith,* 344 F.3d 479, 483 (6th Cir. 2003) "When a [d]efendant waives his right to appeal his sentence in a valid plea agreement, this Court is bound by that agreement and will not review the sentence except in limited circumstances." *United States v. Stubbs*, 279 F.3d 402, 410 (6th Cir. 2002). "ambiguity [in a plea agreement] must be construed against the government" *United States v. Johnson*, 979 F.2d 396, 399 (6th Cir. 1992)

mandatory minimum of 20 years imprisonment.

A waiver of appeal rights may be challenged on the grounds relating to the validity of the plea itself, such that it was involuntary or the product of ineffective assistance of counsel. *See In re Acosta*, 480 F.3d 421, 422 n.2 (6th Cir. 2007);

> As this Court noted in *Acosta*:
>
> It is worth emphasizing the distinction between appeals like this one, that simply relate to issues a defendant has validly agreed not to appeal or attack collaterally, from those that go to the very validity of a guilty plea. For example, in cases where a defendant argues that his plea was not knowing or voluntary, or was the product of ineffective assistance of counsel under *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), it would be entirely circular for the government to argue that the defendant has waived his right to an appeal or a collateral attack when the substance of his claim challenges the very validity of the waiver itself.[citations omitted]

An appeal waiver, with its constitutional and statutory implications, does not submit a defendant to the arbitrary power of the district court and a defendant is entitled to presume he will be adjudge in accordance with law, such as receiving a sentence of imprisonment or an order of restitution that is not in excess of that provided by statute. See *United States v. Freeman*, 640 F.3d 180 (6th Cir. 2011), *United States v. Caruthers,* 458 F.3d 459  (6th Cir.2006); see also *United States v. Gordon,* 480 F.3d 1205, 1209-1210 (10th Cir.2007)

Mr. Ruiz's challenges, in whole or in part,  go to the validity of his guilty plea such that the waiver does not apply to all of those challenges.

16

**I.** **The District Court erred by not establishing a factual basis for the charge to which Edmundo Ruiz pled . Fed. R. Crim. Proc. 11(b)(1) (G). The District Court insufficiently examined Mr. Ruiz  to see that as to Count One his conduct violated the elements of conspiracy in trafficking controlled substances. Unfortunately there were insufficient facts admitted and proffered that sufficiently established this during his plea colloquy.**

*Standard of Review* –A guilty plea where the factual basis for the crime was not established is plain error affecting substantial rights such that relief should be granted. See. *United States v. McCreary-Redd*, 475  F.3d 718 (6th Cir 2007) To obtain relief for an unpreserved Federal Rule of Criminal Procedure 11 failing, " a defendant is obliged to show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Benitez*, 542 U.S.74 (2004) See also *United States v. Lalonde*, 509 F.3d 750 (6th Cir. 2007)

The District Court erred by not establishing a factual basis for Count One , 21 USC 841 and 846, Conspiracy to Possess w/Intent to Distribute Cocaine, Heroin and Marijuana,  where there were insufficient facts admitted or proffered that established the conspiracy instead of a mere buy-sell relationship.

The elements needed to establish conspiracy to possess controlled substances with the intent to distribute, 21 USC §846, are:

17

> Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

The elements of the conspiracy component are:

> (1) That two or more persons in some way or manner, positively or tacitly, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the Indictment, i.e., to possess and distribute [controlled substances]; and
> (2) That the defendant knowingly and willfully became a member of such conspiracy.

See *United States v. Barrett,* 933 F.2d 598 (6th Cir.1991); *United States v. Meyers,* 646 F.2d 1141 (6th Cir. 1981)

Edmundo Ruiz was never shown to have agreed to join the conspiracy and there was insufficient foundation introduced of his specific intent to do so. He had nothing more than the relationship of a seller to a buyer.  There was only discussion  of a buyer-seller relationship.  Edmundo Ruiz provided some controlled substances but never joined any wider conspiracy.

The government's proffer discussed Ruiz engaging in buy-sell relationships but only offered conclusory allegations of a conspiracy. The government reviewed the purported elements of the offenses relating to the alleged conspiracy set out in Count One.  (Wilson, Ruiz, TR Plea pp 35 – 40) The government then reviewed elements supposedly relating to use of  a telecommunications facility set out in

18

Count Thirteen wherein Ruiz was said to have asked "a person known to the Grand

Jury" if "Did you get them that plate of food?"…" Okay. He—whatchamacallit,

we're ready, we're ready."  Which the government would have proven was a

conversation relating to the distribution of drugs . (Wilson, TR Plea, pp 40 – 41)

> In sum, the government said that

> In all, Your Honor, as I mentioned, the evidence has shown regular and
> repeated distribution of these various controlled substances. If you
> accumulate all the controlled substances that were referenced in this
> indictment as we've already discussed, and as the defendant has already
> agreed, the amounts would have clearly shown to be cocaine in excess of 50
> kilograms but not more than 150 kilograms, and other combinations of
> heroin and marijuana which would, of course, add to that guideline range but
> not exceed the 150 kilogram range, based upon all of the evidence that the
> government would have presented in this case.

> The defendant -- the government would have proven both that the defendant
> knew of the conspiracy, that he was a direct manager of the conspiracy here
> in the city of Toledo, and traveled to Arizona to establish drug connections
> there, also traveled to other areas; that the defendant certainly voluntarily
> and knowingly joined the conspiracy and took direct part in its distribution
> activities, and was a manager as set forth in the plea agreement over a
> number of other persons here in the city of Toledo area.

> (Wilson, TR Plea, pp 41-42)

Mr. Ruiz did not disagree with this assessment and adopted it as his own

statement, agreeing that a conspiracy existed to distribute controlled substances

and that he knowingly joined that conspiracy as a direct manager of drug

distribution in Toledo, Ohio and had a conversation alleged in Count 13 which

related to the direct distribution of controlled substances within the conspiracy. (The Court, Ruiz, TR Plea, pp 42-46)

But as only a buyer-seller relationship is shown here between Edmundo Ruiz and others and not an agreement to join the alleged conspiracy, there was no conspiracy.

This Court has held that a mere buyer-seller relationship is insufficient to establish a conspiracy. *United States v. Anderson*, 89 F.3d 1306, 1310 (6th Cir. 1996). Specific intent to join the conspiracy is required. *United States v. Elder,* 90 F.3d 1110, 1120 (6th Cir. 1996). Mere association cannot establish the agreement to join the conspiracy. See *United States v. Pearce,* 912 F.2d 159, 162 (6th Cir. 1990) . A conspiracy cannot be proven solely by family relationships. *United States v. White*, 569 F.2d 263 (5th Cir. 1978)

Edmundo Ruiz never joined the conspiracy for which he was charged and pled, at least according to the facts stated in his change of plea, and thus there was an insufficient basis for the court to accept his plea of guilty. Fed. R.Crim. Proc. 11(b)(1) (G); *United States v. McCreary-Redd*, 475 F.3d 718 (6th Cir 2007). See also *Bailey v. United States,* S. Ct. 501 (1995), (limits of "use" as a criminal act with a firearm in a drug trafficking offense.)

20

With his guilty plea a defendant surrenders many of the protections given by the U.S. Constitution. That act is itself protected by the Constitution and Federal Rule of Criminal Procedure 11 which require assurance there is a factual basis for the plea, the defendant understands the nature of the charges to which he is pleading and the plea is intelligently and voluntarily given under due process of law.  Fifth Amendment; Sixth Amendment; Fed. R. Crim. Proc. 11 (b) (1)(G); Fed. R. Crim. Proc. 11 (b) (3).  That was not done for Ruiz's conviction for conspiracy.

A guilty plea "cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts," *McCarthy v. United States*, 394 U.S. 459, 466 (1969) (See also *Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976), that "[w]ithout adequate notice of the nature of the charge against him, or proof that he in fact understood the charge, the plea cannot be voluntary in this latter sense").

"A district court errs when it "fails to comply with the clear mandate of a Federal Rule of Criminal Procedure," and this error is plain." *United States v. McCreary-Redd*, 475  F.3d 718 (6th Cir 2007) (citing *United States v. Murdoch*, 398 F.3d 491, 496-97 (6th Cir. 2005)) As this Court in *McCreary-Redd* noted,

> " The purpose of this requirement [of a factual basis] is to ensure the accuracy of the plea through some evidence that a defendant actually committed the offense."' *United States v. Tunning*, 69 F.3d 107, 111 (6th Cir. 1995)

21

In *United States v. Syal*, 963 F.2d at 905 this Court held that the District Court's failure to explain the elements of the offense affected the defendant's substantial rights.

And in *McCreary-Redd*,  this Court further found that upholding a plea where the factual basis of the plea was not established would undermine Rule 11 and  seriously affect the fairness, integrity and public reputation of the judicial proceeding, thus meeting all four tests needed to grant plain error relief. *Id*.,

The *McCreary-Redd* court's failure to establish the factual basis of possession with intent to distribute led this Court to vacate his convictions and remand to the District Court.

This Court has sought to assure through the Rule 11 (b) (1) (G) plea colloquy a District Court verifies a defendant understands the charge to which he is pleading or it risks reversal of that guilty plea conviction. See *United States v. Xiong*, 173 F.3d 857 (6th Cir. 1999); *United States v. Van Buren*, 804 F.2d 888 (6th Cir.1986)

This is rooted in the Supreme Court's analysis inn *McCarthy:*

Rule 11 also requires the judge to satisfy himself that there is a factual basis for the plea. The judge must determine "that the conduct which the defendant admits constitutes the offense charged in the indictment or information or an offense included therein to which the defendant has

22

pleaded guilty." (fn18) Requiring this examination of the relation between the law and the acts the defendant admits having committed is designed to "protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge." (fn19)

Per *United States v. McCreary-Redd*, above, and *United States v. Van Buren*, 804 F.2d 888 (6th Cir.1986) , Ruiz is entitled have his judgment and conviction of Count One,  conspiracy to distribute cocaine, heroin and marijuana, reversed and vacated.

Even if per *Benitez* Ruiz must show a reasonable probability that, but for the error, he would not have entered the plea,  he is due relief. Count One carried a mandatory minimum sentence of 20 years imprisonment. If not guilty of conspiracy, he might have faced a lesser sentence or a lesser mandatory minimum and thus would not have sacrificed that option. His objections to the government's failure to grant him a departure below the 20 year minimum demonstrates his desire for a sentence below what he received in the superseding plea agreement.

Ruiz's judgment and sentence on Count 1 should be reversed and vacated due to the inadequacy of a factual basis of Ruiz's guilty plea to Count 1 and clear evidence that Mr. Ruiz did not knowingly and voluntarily plead to Count 1 as he did not admit to specific fact constituting the elements of that offense.

**Issue II. The District Court should have granted Ruiz a downward departure on his sentence or a hearing to inquire into the government's obligations as to making a motion for a downward departure as per the plea agreement.**

*Standard of Review* -"Plea agreements are contractual in nature. In interpreting and enforcing them, we are to use traditional principles of contract law." *United States v. Robison*, 924 F.2d 612, 613 (6th Cir.1991). "Questions regarding the content of the plea agreement are questions of fact; this court reviews the district court's determination of those questions for clear error. *Id.* However, whether the government's conduct violated the agreement is a question of law this Court reviews *de novo. Lancaster Glass Corp. v. Philips ECG, Inc.,*835 F.2d 652, 658 (6th Cir. 1987)* Ruiz entered a plea of guilty pursuant to a superseding plea agreement that contained a waiver of appeal and did not reserve this issue for appeal, indicating it is reviewed under a plain error standard.

It developed during the evidentiary hearing that Mondragon had a pre-existing relationship with the government that was only then disclosed. (Dustin, Fulmer, TR 7/12/2011, pp 112 – 116) The government was influenced by this special relationship in its breach of the plea agreement.

It is inequitable for any party to benefit from a contract but deny any benefit to the other contracting party.

It is respectfully requested that Ruiz's sentence be vacated and this matter be

24

remanded for new sentencing with the benefit of a lesser sentence and the benefit of a downward departure from the twenty-year mandatory minimum.

**Issue III The guidelines calculus for Ruiz erroneously increased his base offense level four points for being an organizer or leader per U.S.S.G. §3B1.1 where he did not have a such a major role in this drug trafficking. The district court should have exercised discretion in giving an individualize sentence reflecting the nature and circumstances of Ruiz's conduct by not doing so made this sentence both procedurally and substantively unreasonable.**

*Standard of Review* **-** "Determination of a defendant's role in an offense is a factual inquiry reviewed on appeal for clear error." *United States v. Cases-lorente*, 220 F.3d 727, 734 (6th Cir. 2000). See also *United States v. Steward*, 306 F.3d 295 (6th Cir. 2002) Legal conclusions regarding application of the enhancement should be reviewed *de novo.* See *United States v. McDaniel*, 398 F.3d 540, 551 & n.10 (6th Cir. 2005) Ruiz entered a plea of guilty pursuant to a superseding plea agreement that contained a waiver of appeal and did not reserve this issue for appeal, indicating it is reviewed under a plain error standard. Findings that a defendant was an organizer, leader, manager or supervisor sufficient to justify a sentencing enhancement must be supported by a preponderance of the evidence. *United States v. Vandeberg*, 201 F.3d 805 (6th Cir. 2000); *United States v. Martinez*, 181 F.3d 794 (6th Cir. 1999)  Here the findings were not so supported.

*Application Note 4* to U.S.S.G. §3B1.1 (Nov. 2010)  sets out the  factors the Court

should consider when deciding if a defendant was a leader or organizer:

> *In distinguishing a leadership and organizational role from one of mere*
> *management or supervision, titles such as "kingpin" or "boss" are not*
> *controlling. Factors the court should  consider include the exercise of*
> *decision making authority, the nature of participation in the commission of*
> *the offense, the recruitment of accomplices, the claimed right to a larger*
> *share of the fruits of the crime, the degree of participation in planning or*
> *organizing the offense, the nature and scope of the illegal activity, and the*
> *degree of control and authority exercised over others. There can, of course,*
> *be more than one person who qualifies as a leader or organizer of a*
> *criminal association or conspiracy. This adjustment does not apply to a*
> *defendant who  merely suggests committing the offense.*

In Paragraph 55 of the Presentence Report Ruiz's offense level was

enhanced by four points under the assertion he led or organized five or more

people. (PSR, p 11).

Ruiz agreed to a new superseding plea agreement with no cooperation and

recommendation of 240 months, the mandatory minimum, and a withdrawal of the

motion for an evidentiary hearing. (R. 484, Minutes;  R. 485, (Superseding) Plea

Agreement; TR 7/13/2011, pp 3-7)  Ruiz waived his right to appeal except for a

sentence in excess of the maximum and to make a collateral challenge except for

ineffective assistance of counsel, agreed that the three points credit for acceptance

for responsibility was not appropriate in this case and agreed that four points would

increase the offense level by four levels as a leader or organizer. (The Court, Ruiz,

TR 7/13/2011, pp 6-10)

The District Court reviewed the prior plea proffer and the nature of the supplemental plea agreement with Ruiz to assure he understood the issues and was agreeing voluntarily to end his challenges and accept the conviction and sentence per the new agreement. (The Court, Ruiz, TR 7/13/2011, pp 10- 16

Ruiz agreed to and understood the conditions but still objected to the Presentence Report penalizing him with the leadership role and no points for acceptance of responsibility despite his cooperation and plea of guilty. (Ruiz, TR 7/13/2011, pp 16-17)

The District Court noted that these determinations are per the guidelines, even though he may have been a lower level figure. (The Court, TR 7/13/2011, pp 17- 20)  Further, even if acceptance of responsibility were resolved in his favor the recommended sentence was still less than the calculation with those points taken off and thus the calculation makes no difference. (The Court, TR 7/13/2011, p 20)

Nonetheless Ruiz asserts it was error for the Presentence Report and guidelines calculation to penalize him four offense levels as a leader or organizer in this matter.

The overall criminal activity was set in the Presentence Report that detailed a number of different people doing a number of different things, from possessing

28

small amounts of marijuana to moving tons of it. (PSR, pp 3-9 )

The specific offense conduct relating to Ruiz set out that Ruiz would buy from Raudell in Arizona and asserted he used three "trusted couriers," would off-load trucks with the help of Franco and McKerchie (a "long-time associate," and "directed" Franco, Camargo and another to retrieve some cocaine for him   ( PSR pp 9 – 10, para. 43-45)

While there were many people charged in this case, these actions by folks allegedly working with Ruiz do not show that he led five or more folks nor that he organized much of anything beyond his particular buying and selling of controlled substances. There was no clear indication that a relationship other than by "independent contractors" or equal associates in this enterprise.

But there was nothing presented showing a sufficient leadership role activities in the offense by Edmundo Ruiz, Jr.

Edmundo Ruiz complained that the four-level enhancement per U.S.S.G. §3B1.1 does not apply under those facts.

It is procedurally unreasonable to sentence anyone under erroneous findings of fact and an incorrect application of the guidelines.

And even if some minimal connection is made between Ruiz and others, such connection is not like that of a drug lord or ringleader.  Both Ruiz's counsel

29

and the District Court noted that while his perception of his role was minor, the interpretation of that Guideline would serve to punish him as more significant, even if he was a "major" compared to a "colonel" like Franco or a "lieutenant general" like Mondragon. (The Court, Hart, TR 7/13/2011, pp 17-20)    But to punish Ruiz like one such as Franco or Mondragon contradicts the purpose of the Guidelines and  18 USC 3553 (a) (1) to consider "the nature and circumstances of the offense and the history and characteristics of the defendant" and  (6) to consider "the need to avoid unwarranted sentence disparities among defendants with similar  records who have been found guilty of similar conduct."  This mechanical application takes people of different culpability and punishes them equally.

This by its very nature shows the unfairness of this binary determination with no exercise of human discretion.

This was an abuse of discretion and error.

**IV. Ruiz was erroneously denied a three point reduction in sentencing level for acceptance of responsibility where he pled guilty.**

*Standard of Review* – Ruiz entered a plea of guilty pursuant to a superseding plea agreement that contained a waiver of appeal and did not reserve this issue for appeal, indicating it is reviewed under a plain error standard. "…this court renders *de novo* review of an acceptance of responsibility determination where . . . the only issue presented is the propriety of the application of the adjustment to uncontested facts . . ." *United States v. Childers* , 86 F.3d 562, 563 (6th Cir. 1996)[3]. It is plain error for the sentencing court to consider an erroneous sentencing guideline range in setting a sentence. *United States v. Story*, 503 F.3d 436 (6th Cir. 2007[4]. See also *United States v. Davidson,* 409 F.3d 304, 310 (6th Cir. 2005) .

Ruiz agreed to a new superseding plea agreement with no cooperation and recommendation of 240 months, the mandatory minimum, and a withdrawal of the motion for an evidentiary hearing. (R. 484, Minutes;  R. 485, (Superseding) Plea

---

[3] A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right, but must demonstrate why it is appropriate to his case. *United States v. Wolfe* , 71 F.3d 611, 616 (6th Cir. 1995); *United States v. Mahaffey* , 53 F.3d 128, 134 (6th Cir. 1995)  This must be by a preponderance of the evidence. *United States v. Roberts,* 233 F.3d 426 (6th Cir. 2000)

[4] *See, e.g.,United States v. Duckro*, 466 F.3d 438, 446 (6th Cir. 2006) *United States v. Buchanan*, 449 F.3d 731, 738-39 (6th Cir. 2006); *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005)

Agreement; TR 7/13/2011, pp 3-7)  Ruiz waived his right to appeal except for a

sentence in excess of the maximum and to make a collateral challenge except for

ineffective assistance of counsel, agreed that the three points credit for acceptance

for responsibility was not appropriate in this case and agreed that four points would

increase the offense level by four levels as a leader or organizer. (The Court, Ruiz,

TR 7/13/2011, pp 6-10)

     The District Court reviewed the prior plea proffer and the nature of the

supplemental plea agreement with Ruiz to assure he understood the issues and was

agreeing voluntarily to end his challenges and accept the conviction and sentence

per the new agreement. (The Court, Ruiz, TR 7/13/2011, pp 10- 16

     Ruiz agreed to and understood the conditions but still objected to the

Presentence Report penalizing him with the leadership role and no points for

acceptance of responsibility despite his cooperation and plea of guilty. (Ruiz, TR

7/13/2011, pp 16-17)

     The District Court noted that these determinations are per the guidelines,

even though he may have been a lower level figure. (The Court, TR 7/13/2011, pp

17- 20)  Further, even if acceptance of responsibility were resolved in his favor the

recommended sentence was still less than the calculation with those points taken

off and thus the calculation makes no difference. (The Court, TR 7/13/2011, p 20)

Nonetheless Ruiz argues it was error for the Presentence Report and guidelines calculation to deny him credit for acceptance of responsibility through his guilty plea.

Per *Gall v. United States*, 128 S. Ct. 558 (2007) , the sentencing process begins with the district court where a *district court should begin by correctly calculating the applicable Guidelines range.* (*emphasis added*) The appeals court must ensure that the district court made no significant procedural errors *Gall,* pp. 11–14.  See also *United States v. Moon,* 513 F.3d 527 , (6th Cir. 2008)

Findings of fact by the trial court are set aside only if "clearly erroneous."[5].

Where a defendant like Mr. Ruiz accepts responsibility as evidenced by timely pleads guilty, she or he should receive a three-point reduction in his guidelines sentencing level. See United States Sentencing Commission, Guidelines Manual, §3E1.1 (Nov. 2010)   *Application Note 3* to U.S.S. G. § 3 E 1.1

Here Mr. Ruiz pled guilty to Counts 1 and 2 of the Indictment and acknowledged his conduct relating to those counts of conviction.

He admitted to his conduct relating to his conviction and did not falsely deny nor frivolously contest his relevant conduct.

But as to acceptance of responsibility, the Presentence Report did not give

---

5 *United States v. Davidson,* 409 F.3d 304, 310 (6th Cir. 2005); *United States v. Gibson*, 409 F.3d 325, 31 (6th Cir. 2005);

Ruiz credit for acceptance of responsibility, stating only

> 49. The defendant was interviewed at the Lucas County Jail on October 13, 2010. At that time he provided the personal information necessary for the presentence investigation. He stated that he will be submitting a written statement regarding the offense prior to sentencing upon the advice of counsel.

(PSR, pp. 10-11)

This says nothing to justify denying him his three points for accepting

responsibility and pleading guilty in this matter.

Mr. Ruiz established by a preponderance of the evidence that he accepted

responsibility for the crimes of conviction and is entitled to a three point reduction

in his sentencing level for acceptance of responsibility. See also *United States vs.*

*Jeter*, 191 F.3d 637 (6th Cir. 1999); United States Sentencing Commission,

Guidelines Manual, §3E1.1 (Nov. 2010)

> *Application Note 3* to U.S.S. G. § 3 E 1.1 sets out that

> *Entry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which he is accountable under §1B1.3 (Relevant Conduct) (see Application Note 1(A)), will constitute significant evidence of acceptance of responsibility for the purposes of subsection (a). However, this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility. A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right.*

> On that basis he was entitled to the three point reduction for acceptance of

responsibility and it was error to deny him that. *United States v. Story*, 503 F.3d 436 (6th Cir. 2007). *United States vs. Jeter*, supra.


## CONCLUSION

In conclusion, Ruiz's judgment and conviction should be reversed and vacated and this matter remanded for relief as argued above.

Respectfully submitted

/s Michael M. Losavio____.
Michael M. Losavio
1520 Castlewood Avenue
Louisville, KY 40204
502.417.4970
Counsel for Edmundo Ruiz, Appellant

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

Case **No. : 11-3802**
Case Caption:     United States of America v. Edmundo Ruiz

## DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS ON APPEAL

Appellant hereby designates the following filings in the district court's record as relevant documents for this appeal.:

**Docket Entries**

| Description of Entry | Date | Record entry Number |
|---|---|---|
| Superseding Indictment | 8/7/2008 | 60 |
| Defendant's Motion | 10/28/2008 | 120 |
| Defendant's Motion | 10/28/2008 | 121 |
| Defendant's Motion | 10/28/2008 | 122 |
| Defendant's Motion | 10/28/2008 | 123 |
| Defendant's Motion for Bill of Particulars | 10/28/2008 | 126 |
| Order Overruling Motions | 12/5/2008 | 166 |
| Minutes | April 9, 2009 | |
| Consent to proceed before magistrate | 4/9/2009 | 205 |
| Plea Agreement | 4/9/2009 | 206 |
| Report and Recommendations | 4/9/2009 | 207 |
| Order Adopting Report | 5/19/2009 | 269 |
| Order for government statement of reasons | 4/30/2010 | 414 |
| Motion | 5/24/2010 | 417 |

| Sealed Document | 3/8/2011 | 466 |
| Minutes of entry of guilty plea and acceptance of guilty plea | 7/13/2011 | 484 |
| Superseding Plea Agreement | 7/13/2011 | 485 |
| Judgment and Commitment Order – Ruiz | 7/14/2011 | 487 |
| Notice of Appeal | 7/19/2011 | 488 |

## Transcript

| Record # | Description of Proceeding or Testimony | Date | Transcript Pages and Volume |
|---|---|---|---|
| 228 | Transcript of guilty plea | 4/9/2009 | 1-49 |
| | Transcript of Evidentiary Hearing | 7/12/2011 | 1-121 |
| | Transcript of Hearing and Sentencing | 7/13/2011 | 1-33 |

## OTHER

| Presentence Report of Edmundo Ruiz |
|---|

Respectfully submitted

/s Michael M. Losavio
Michael M. Losavio
1520 Castlewood Avenue
Louisville, KY 40204
502.417.4970
Counsel for Edmundo Ruiz, Appellant

Certificate of Service

The undersigned certifies notice was made this date of filing and a copy of the
foregoing Brief for Appellant available via ECF on

Ms. Laura McMullen Ford
Ms. Ava Rotell Dustin
Mr. Guillermo J. Rojas
Mr. Thomas P. Weldon
U.S. Attorney's Office
Four Seagate
Third Floor
Toledo, OH 43604
Counsel for Appellee, the United States of America

on this 14th day of May, 2012

/s Michael Losavio_____.
Michael M. Losavio

**CASE NO. 11-3802**

In The

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**UNITED STATES OF AMERICA v. EDMUNDO RUIZ**

<u>**CERTIFICATE OF COMPLIANCE**</u>
**BRIEF FOR APPELLANT**

Pursuant to FRAP 32 (a)(7)(B)(i) and Sixth Circuit Rule 32 (a), the undersigned certifies that this *redacted* brief complies with the type-volume limitations of the Rules.

1. Exclusive of the exempt portions in  FRAP 32 (a)(7)(B)(i)  and (iii), the redacted brief contains no more than 7,849 words in its entirety,
2. The brief has been prepared in 14-point Times Roman typeface using Microsoft Word for Windows and converted to a Adobe Acrobat PDF file for filing,
3. If the Court so requests, the undersigned will provide an electronic version of brief in MS Word format,
4. The undersigned understands that a material misrepresentation in completing this certificate of the FRAP 32 (a)(7)(B)(i) and Sixth Circuit Rule 32 (a may result in the Court's striking the brief and imposing sanctions against the person signing the brief.


<u>/s Michael Losavio .</u>
Michael M. Losavio
1520 Castlewood Avenue
Louisville, KY 40204
502.417.4970
Counsel for Appellant