**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

No. 11-3802

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Oct 17, 2012**
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff-Appellee, ) | |
| ) | |
| v. ) | ON APPEAL FROM THE UNITED |
| ) | STATES DISTRICT COURT FOR |
| EDMUNDO RUIZ, JR., ) | THE NORTHERN DISTRICT OF |
| ) | OHIO |
| Defendant-Appellant. ) | |

O R D E R

Before: GUY, ROGERS, and KETHLEDGE, Circuit Judges.

Edmundo Ruiz, Jr., a federal prisoner, appeals his judgment of conviction and sentence. The parties have waived oral argument, and we unanimously agree that oral argument is not needed. Fed. R. App. P. 34(a).

In April 2009, Ruiz pleaded guilty, before a magistrate judge, to conspiring to possess with intent to distribute cocaine, heroin, and marijuana, in violation of 21 U.S.C. § 846; and unlawfully using a communication facility, in violation of 21 U.S.C. § 843(b). Pursuant to the parties' plea agreement, Ruiz's right to appeal was limited to challenging a sentence above the recommended guidelines range, ineffective assistance of counsel, and prosecutorial misconduct. The government agreed not to oppose a three-level reduction for acceptance of responsibility. The district court adopted the magistrate judge's recommendation to accept Ruiz's guilty plea, and the parties agreed to delay the imposition of sentence until after Ruiz had completed his cooperation with the government. Prior to sentencing, Ruiz agreed to an amended plea agreement, in which he consented to a four-level enhancement for a leadership role in the offense, no reduction for acceptance of

responsibility, and a recommended sentence of 240 months. On July 13, 2011, the district court sentenced Ruiz to a total of 240 months of imprisonment.

On appeal, Ruiz argues that: (1) his guilty plea is invalid because the district court failed to ensure that there was a sufficient factual basis for his guilty plea to the conspiracy charge; and (2) the district court erred when it (a) failed to grant him a substantial assistance departure, (b) enhanced his offense level based on his alleged leadership role in the conspiracy, and (c) denied him a three-level reduction for acceptance of responsibility. The government has filed a motion to dismiss the appeal based on Ruiz's waiver of his right to appeal.

We review the validity of a guilty plea de novo. *United States v. Dixon*, 479 F.3d 431, 434 (6th Cir. 2007). In accordance with Federal Rule of Criminal Procedure 11, the district court "must verify that 'the defendant's plea is voluntary and that the defendant understands his or her applicable constitutional rights, the nature of the crime charged, the consequences of the guilty plea, and the factual basis for concluding that the defendant committed the crime charged.'" *Id.* (quoting *United States v. Webb*, 403 F.3d 373, 378-79 (6th Cir. 2005)). Overall, the record should reflect a full understanding of the direct consequences of the plea so that it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). When no objection is raised before the district court, as in this case, we review an alleged violation of Rule 11 for plain error. *United States v. Vonn*, 535 U.S. 55, 59 (2002).

Ruiz has not established that the district court committed plain error when it accepted his guilty plea. He argues that the district court erred by not examining his conduct closely enough to determine that there was a factual basis to support his guilty plea to the conspiracy charge. He also argues that the government's proffer of evidence did not establish that he agreed to join any conspiracy. Rather, he maintains that the evidence showed nothing more than a buyer-seller relationship with the alleged co-conspirators.

A review of the guilty plea transcript reflects that the government's proffered evidence provided a sufficient factual basis to support Ruiz's plea to the drug conspiracy charge. In order to obtain a drug conspiracy conviction, the government must establish that: (1) an agreement to violate

drug laws existed; (2) the defendant intended to join the conspiracy; and (3) the defendant participated in the conspiracy. *United States v. Gardner*, 488 F.3d 700, 710 (6th Cir. 2007).

At the plea proceeding, the government explained that Ruiz and at least five other co-conspirators, operating out of Toledo, Ohio, would receive large quantities of drugs from Raudell Rodriguez-Gonzales, who was located in Arizona. Ruiz then provided the drugs to various couriers who "acted at the behest of and at the specific request of" Ruiz to distribute the drugs throughout areas of Toledo. The government noted that Ruiz had engaged in approximately twenty-three overt acts in furtherance of the conspiracy, and provided the court with a non-exhaustive list of examples of Ruiz's overt acts. The government stated that witnesses at trial would have testified as to the nature of the overt acts. Specifically, the government advised the court that: 1) in March 2003, two co-conspirators possessed thirty pounds of marijuana for Ruiz; 2) in December 2007, Ruiz supplied a co-conspirator with five tons of marijuana and more than fifty kilograms of cocaine; and 3) Adalberto Labadore-Gonzales and Rodriguez-Gonzales facilitated the delivery of marijuana to Ruiz. The government also informed the court that it had been authorized to wiretap co-conspirators' phones, and had recorded numerous conversations between the co-conspirators concerning their agreement and intent to distribute drugs. Furthermore, Ruiz acknowledged the accuracy of the government's proffered factual basis and adopted the government's statement of the factual basis as his own. Contrary to Ruiz's arguments, this evidence was sufficient to show the existence of a conspiracy between numerous individuals to distribute drugs in the Toledo area, that Ruiz intentionally joined the conspiracy, and that Ruiz participated in the conspiracy by working with and managing various co-conspirators in the Toledo area. Therefore, Ruiz's guilty plea was valid.

Ruiz's valid guilty plea waives his right to assert his remaining claims on appeal. *See United States v. Money*, 457 F. App'x 600, 601 (8th Cir. 2012); *United States v. Anderson*, 325 F. App'x 557, 558 (9th Cir. 2009). A defendant in a criminal case may waive his right to appeal his conviction and sentence, so long as the waiver is valid. *United States v. Bradley*, 400 F.3d 459, 463-64 (6th Cir. 2005). During the plea hearing, the district court reviewed the plea agreement with Ruiz, and ensured that he understood that the plea agreement limited his appellate rights to challenging a

No. 11-3802
- 4 -

sentence above the 240-month statutory maximum. Furthermore, at sentencing, the district court reviewed the amended plea agreement, which included the same appellate limitations. Under these circumstances, Ruiz's waiver is valid. *See United States v. Murdock*, 398 F.3d 491, 496-99 (6th Cir. 2005).

Accordingly, we affirm the judgment of conviction and sentence, and we deny the motion to dismiss as moot.

                              ENTERED BY ORDER OF THE COURT

                                             Clerk